**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| CHAULA BHATT, | Civil Action No. |
| Plaintiffs, | 2:17-CV-06183-CCC-SCM |
| v. | |
| CARTMELL *et al*., | **ON ORDER TO SHOW CAUSE FOR WHY THIS CASE SHOULD NOT BE DISMISSED** |
| Defendants. | **[D.E. 40]** |

**REPORT AND RECOMMENDATION**

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is its *sua sponte* Order to Show Cause why this case should not be dismissed for Plaintiff Chaula Bhatt's ("Ms. Bhatt") failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 41.1(a).[1] For the reasons set forth herein, it is respectfully recommended that this case be **dismissed**.

I. **BACKGROUND AND PROCEDURAL HISTORY**[2]

Ms. Bhatt's complaint was filed on August 11, 2017 alleging violations of her civil rights.[3] On May 16, 2019, this Court entered its initial scheduling order which stayed fact discovery and scheduled a telephone conference for December 2019.[4] Ms. Bhatt failed to attend that conference.

---

[1] (ECF Docket Entry ("D.E.") 40, Letter Order). The Court will refer to documents by their document entry number and page numbers assigned by the Electronic Case Filing System.

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 1, Complaint).

[4] (D.E. 34, Pretrial Scheduling Order).

This Court then ordered Ms. Bhatt to show cause as to her absence from the conference, to which Ms. Bhatt failed to respond.[5] This Court then scheduled two additional conferences for March and April 2020 respectively, both of which Ms. Bhatt failed to attend.

Defendants Monmouth Medical Center ("MMC") and Riverview Medical Center ("RMC") filed motions to dismiss on April 16, 2019 and January 13, 2020 respectively.[6] Ms. Bhatt opposed MMC's motion to dismiss on May 6, 2019; she has not opposed or otherwise responded to RMC's motion to dismiss. Despite the efforts of both this Court and defense counsel to contact Ms. Bhatt, she has remained unattainable and inactive on this docket since May 20, 2019.

## II. LEGAL STANDARD AND ANALYSIS

Courts have the authority to dismiss an action for a party's failure to prosecute.[7] Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute … a defendant may move to dismiss the action or any claim against it."[8] The District of New Jersey Local Civil Rule 41.1(a) describes dismissal of inactive cases, affirming that "[c]ivil cases … which have been pending in the Court for more than 120 days without any proceedings … must be dismissed for lack of prosecution … unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party."[9]

---

[5] (D.E. 40, Letter Order).

[6] (D.E. 20, Motion to Dismiss); (D.E. 42, Motion to Dismiss).

[7] Fed. R. Civ. P. 41(b); L. Civ. R. 41.1(a).

[8] Fed. R. Civ. P. 41(b).

[9] L. Civ. R. 41.1(a).

Ms. Bhatt failed to appear before the Court on three occasions, failed to communicate with this Court, and failed to submit papers showing good cause why her case should not be dismissed. She has not engaged in any activity to prosecute her case for over a year. Although the Court provided multiple opportunities for Ms. Bhatt to respond to its Order to Show Cause, by paper, or by appearing for its conferences in December 2019, March 2020, and April 2020, Ms. Bhatt neither appeared at these conferences nor requested adjournment of them.

Because Ms. Bhatt has failed to prosecute this action for over 120 days, I respectfully recommend that this case be dismissed for failure to prosecute.[10]

### III. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Ms. Bhatt's complaint be **dismissed without prejudice**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[11] The District Court need not consider frivolous, conclusive, or general objections.[12]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/111/2020 1:35:35 PM

Original: Clerk of the Court

---

[10] *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n.5 (3d Cir. 2007) (*Poulis* factors need not be considered if the dismissal is without prejudice) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

[11] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[12] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).

3

Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
  File

Chaula S. Bhatt
P.O. Box 1094
Edison, NJ 08817